# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| BERNARD COOPER | CIVIL ACTION NO. 3:14-cv-0565 |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| WARDEN SPEARMAN | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for *habeas corpus* filed by *pro se* petitioner Bernard Cooper. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED.**

### *Statement of the Case*

Bernard Cooper, a prisoner in the custody of the California Department of Corrections, is incarcerated at the California Correctional Training Facility, Soldedad, California where he is serving the sentences totaling 7 years imposed by the Superior Court of California, Contra Costa County following his December 7, 2009, convictions for second degree robbery.

On March 14, 2014, he filed a pleading in this Court utilizing the form provided to Louisiana inmates seeking post-conviction relief pursuant to La. C.Cr.P. arts. 924 et seq. Therein he alleged that in April 2006 he pled guilty to a charge of simple burglary of an inhabited dwelling and was thereafter sentenced to serve five years by the Fourth Judicial District Court, Morehouse Parish, Louisiana.  He argued no claims for relief. He did, however, provide a hand-written attachment wherein he apologized "... for absconding from you all system..." and claimed

that he was extradited to Louisiana in 2005 to answer for charges filed against him in 2001. He concluded by asking that his Louisiana probation be revoked *in absentia* and that the Louisiana sentence run concurrently with his California sentence. He also attached a copy of the California Abstract of Judgment and a "Preliminary Interview and Revocation Hearing Form" used by the United States Department of Justice and the United States Parole Commission. [Docs. 1 and 1-1]

Based upon this ambiguity, he was provided a copy of the form provided to federal prisoners seeking *habeas* relief pursuant to 28 U.S.C. §2241 and on April 7, 2014, he filed the petition and an application to proceed *in forma pauperis.*

In this petition he claimed that he is challenging the detainer issued by the "Morehouse Parish Agency of Parole in Monroe, [Louisiana], Court of Morehouse Bastrop, La." relative to the 2005 burglary conviction.  He claimed to have filed the "revocation form" in February, 2014, in an effort "... to have this parole matter adjudicated I ask them to run my time concurrently please..."  He alleged the following as his ground for relief, "Petitioner believes and therefore alleges that time previously served in his present jurisdiction is appliable (sic) to be applied to the sentence imposed in the Court system jurisdiction and submits thereby."  He concluded by requesting the following relief, "That this matter be adjudicated and I don't have to be extradited to Louisiana..."

### *Law and Analysis*

Petitioner attacks neither his California convictions and sentences nor his Louisiana conviction and sentence.  Affording a liberal construction to his pleadings and attachments, it appears that petitioner claims that he is entitled to a "speedy" revocation of his Louisiana parole, *in absentia*, and, that he is entitled to serve the remainder of his Louisiana sentence concurrently

with his California sentence so that upon his release from custody in California, he will have satisfied the sentences imposed by both jurisdictions.   He invokes the jurisdiction of this Court pursuant to 28 U.S.C. §2241 and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  In *Braden,* an Alabama prisoner in custody in an Alabama prison, sought *habeas corpus* relief pursuant to Section 2241 in the United States Court for the Western District of Kentucky. The prisoner attacked the detainer lodged by the State of Kentucky arguing that Kentucky's failure to provide him a "speedy trial" on their charges violated his rights .

Petitioner, like the petitioner in *Braden* (who sought enforcement of his right to a speedy trial) is seeking enforcement of what he implies is a constitutional right to a speedy parole revocation hearing.  As in *Braden*, it would appear that his petition is cognizable under Section 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.1987); see also *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

To be entitled to relief pursuant to Section 2241, petitioner must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. Petitioner claims that the Louisiana detainer precludes the concurrent running of his Louisiana parole with his California sentence and that suggests that he claims a right to speedy revocation.  However, the Constitution does not guarantee concurrent sentences.  Petitioner cites no federal or state law which obliges the Louisiana Parole Board to order that the revoked term be served concurrently with petitioner's California sentence. Further, and more importantly, he has not demonstrated a

3

Constitutionally guaranteed right to a speedy revocation hearing. Indeed, the jurisprudence suggests that he cannot demonstrate the existence of such a right. *See  Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 280, 50 L.Ed.2d 236 (1976) (parolee imprisoned for crime committed while on parole was not constitutionally entitled to prompt parole revocation hearing); *Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 3409, n. 10, 87 L.Ed.2d 516 (1985)('This Court has never held, however, that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing.'); *Christensen v. Zavaras*, 166 F.3d 346 (Table), 1998 WL 796123 (10th Cir.1998)(petitioner seeking removal of detainer on due process grounds has not alleged the violation of a federal constitutional right); *Moultrie v. State of Georgia*, 464 F.2d 551, 552 (5th Cir.1972) (the right to a speedy trial is not applicable to parole revocation proceedings); *Cox v. Feldkamp*, 438 F.2d 1 (5th Cir.1971)(The right to a speedy trial is not involved in a case involving the lodging of parole violation warrant).  In short, since petitioner cannot demonstrate that he is in custody in violation of the Constitution or laws of the United States, he fails to state a claim for which relief may be granted.

Finally, even if petitioner could identify a Constitutional violation, he would not be entitled to *habeas corpus* relief at this time. Although there is no statutory reference to an exhaustion requirement with regard to *habeas* petitions filed pursuant to Section 2241, federal courts generally abstain from the exercise of their *habeas corpus* jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson*, 816 F.2d at 225; *Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502, 508 (E.D.La.1988); see also *Braden*, 410 U.S. at 489-92. The exhaustion doctrine is applied to Section 2241(c)(3) as a matter of comity and is based on federalism grounds in order

to protect the state's opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, as well as to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Exhaustion is satisfied only when all of the grounds urged in a federal petition were fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). It is clear that petitioner has not exhausted any state court remedies, nor has he alleged the absence of such remedies.  According to the exhibits and pleadings, petitioner has filed an application for post-conviction relief in the court where he was originally convicted and sentenced. However, under Louisiana law, "any action concerning parole" must be filed in East Baton Rouge Parish and is not governed either by the provisions of Louisiana's *habeas corpus* statutes, La. C.Cr.P. arts. 351 *et seq*., or by the provisions of its  post-conviction statutes, La. C.Cr.P. arts. 924 *et seq*. See La. R.S.15:571.15 and 15:574.11(B). In short, even if petitioner could establish a Constitutional right to a speedy revocation hearing, petitioner is not entitled to habeas corpus relief because he has not exhausted State court remedies prior to seeking *habeas corpus* relief.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted; in the alternative, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, April 16, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**